THE PEOPLE *ex rel.* August Larson, Plaintiff in Error, *vs.*
THE CITY OF CHICAGO *et al.* Defendants in Error.

*Opinion filed April 22, 1915.*

1. APPEALS AND ERRORS—*when alleged violation of "due process of law" provision is not ground for direct appeal.* A direct appeal to the Supreme Court cannot be sustained upon the ground that the trial court's denial of a writ of *mandamus* to compel the placing of appellant's name upon the roll as a beneficiary of the police pension fund has deprived appellant of his property without due process of law, since appellant, at the time of his discharge from the police force, had no vested interest either in his unearned salary or in the pension fund.

2. SAME—*when cause must be transferred to Appellate Court.* On appeal to the Supreme Court by one whose petition for a writ of *mandamus* to compel the placing of his name on the roll as a beneficiary of the police pension fund is denied, if the only real, undecided question is whether, under the facts alleged in his petition, the appellant is entitled to receive a pension from such fund, the cause must be transferred to the Appellate Court.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding.

A. B. CHILCOAT, for plaintiff in error.

JOHN W. BECKWITH, Corporation Counsel, (JOSEPH F. GROSSMAN, of counsel,) for defendants in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

August Larson, the plaintiff in error, filed his petition in the circuit court of Cook county against the city of Chicago and the board of trustees of the police pension fund of the city of Chicago, defendants in error, praying that a writ of *mandamus* issue against the defendants in error commanding them to forthwith enroll the name of plaintiff in error as one of the beneficiaries of the police pension fund of the city of Chicago. The petition alleged, in substance, that on April 4, 1892, the plaintiff in error was appointed a police patrolman in the department of police of the city of Chicago; that he entered upon his duties as a police patrolman at a salary of $1000 per annum and served as such until June 12, 1895; that on the date last mentioned, while engaged in the discharge of his duties as such patrolman, he received permanent injuries, which have from thence hitherto so disabled him that he has not been physically able to perform the duties of a police patrolman nor to perform other labor requiring him to be upon his feet for any great length of time; that he has paid into the police pension fund of the city of Chicago all moneys required of him by an act entitled "An act to provide for the setting apart, formation and disbursement of a police pension fund in cities, villages and incorporated towns," approved April 29, 1887, in force July 1, 1887, and that by reason of the injuries received by him as aforesaid, he was and is, under the provisions of said act, entitled to a pension of $600 per annum; that on or about October 26, 1897, the name of the plaintiff in error was wrongfully, illegally and without warrant of law dropped from the payroll of police patrolmen in the city of Chicago by the super-

intendent of police of the city without previous notice to him and without any written charges having been preferred against him; that thereafter, on January 30, 1900, plaintiff in error filed with the board of trustees of the police pension fund of the city of Chicago his application for a pension as a disabled police patrolman under the provisions of said act, together with the proofs necessary to be filed therewith; that said application and proofs were on the said 30th day of January, 1900, placed on record in the office of said board, but that said application was not acted upon until May 27, 1913, when said board denied said application. A general demurrer interposed to the petition was sustained and judgment was rendered against plaintiff in error for costs. From that judgment plaintiff in error has sued out a writ of error from this court.

Defendants in error have entered a motion to transfer the cause to the Appellate Court for the First District on the ground that there is no question involved giving this court jurisdiction. This motion must be sustained. It is true that the petition alleges, and plaintiff in error here contends, that the act of the superintendent of police in dropping his name from the pay-roll of police patrolmen and the act of the board of trustees of the police pension fund in denying his application for a pension deprived him of property without due process of law, yet as plaintiff in error, at the time of his discharge from the police force and at the time of filing his application for a pension, had no vested interest or property right either in his unearned salary or in the pension fund, (*Hughes* v. *Traeger,* 264 Ill. 612; *Pecoy* v. *City of Chicago,* 265 id. 78;) it is apparent that his contention that he has been deprived of property without due process of law is not a valid ground for bringing the cause directly to this court. The case does not involve any constitutional question except such as has been previously settled by the decisions of this court adversely to the contention made by plaintiff in error. The

only real question in the case is whether the facts well pleaded in the petition for the writ of *mandamus* show that plaintiff in error was on January 30, 1900, entitled to re-. ceive a pension from the police pension fund of the city of Chicago under and by virtue of the provisions of the said act of April 29, 1887.

The cause is transferred to the Appellate Court for the First District.

*Cause transferred.*